**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4496**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAJOR BOYD WHITLEY,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (CR-03-445)

―――――――――

Submitted:  March 9, 2005          Decided:  March 24, 2005

―――――――――

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

M. Timothy Porterfield, Charlotte, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Major Boyd Whitley appeals his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000).[*] Whitley entered a guilty plea conditioned on his ability to appeal the district court's order denying Whitley's motion to suppress evidence. Finding no error, we affirm.

Whitley argues that the district court erred in denying his motion to suppress. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

With these standards in mind, and having reviewed the record and the parties' briefs, we conclude that the officer who seized Whitley did so based on a reasonable articulable suspicion that Whitley was engaged in criminal activity. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable

---

[*]Because Whitley had at least three prior qualifying convictions, his 180-month sentence was the statutory mandatory minimum. See 18 U.S.C.A. § 924(e)(1) (West 2000 & Supp. 2004). Moreover, Whitley does not seek to challenge his sentence. Thus, United States v. Booker, 125 S. Ct. 738 (2005), does not impact this appeal.

- 2 -

suspicion that criminal activity is afoot." <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123 (2000); <u>Terry v. Ohio</u>, 392 U.S. 1, 30 (1968). We conclude that, given the totality of the circumstances, <u>see</u> <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989), Whitley's suspicious and evasive behavior justified the officer's actions. <u>See</u> <u>United States v. Mayo</u>, 361 F.3d 802, 807-08 (4th Cir. 2004).

Accordingly, we affirm Whitley's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>